*Law Offices of*
**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (AZ Bar No. 027179)*
*tfrankel@bffb.com*

*Law Offices of*
**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (AZ Bar No. 020191)*
*psyverson@bffb.com*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Brent A. Dewoody, a single man,<br><br>Plaintiff,<br><br>v.<br><br>DKAZ Holdings, LLC, an Arizona limited liability company; Dennis N. Kindred and Jane Doe Kindred, husband and wife,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Brent A. Dewoody ("Plaintiff") for his Complaint against Defendants DKAZ Holdings, LLC, Dennis N. Kindred and Jane Doe Kindred (collectively "Defendants" or "DKAZ") alleges as follows:

- 1 -

## I.  NATURE OF THE CASE

1. Plaintiff brings this action against DKAZ for its unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") and failure to make timely payment of wages due under the Arizona Wage Statute, A.R.S. §§ 23-350 et seq. ("Arizona Wage Statute").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover unpaid wages, treble damages and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## II.  JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy.  This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District.  Plaintiff was employed by DKAZ in this District.

## III.  PARTIES

7. At all times relevant to the matters alleged herein, Plaintiff Brent A. Dewoody resided in the State of Arizona in Maricopa County.

8. Plaintiff was a full-time, non-exempt employee of DKAZ from in or around July, 2017 until in or around June, 2018.

9. Plaintiff was employed by DKAZ primarily to perform physical kitchen labor, such as food preparation, cooking, and cleaning at the Rosati's Pizza and Sports Pub franchise that DKAZ owns and operates.

10. During Plaintiff's tenure at DKAZ, Plaintiff did not work for a predetermined wage but instead was paid hourly and his pay was dependent on the amount of time he spent working each week.

11. Plaintiff was an employee as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

12. Defendant DKAZ Holdings, LLC is an Arizona limited liability company, authorized to do business in Arizona, and operates a Rosati's Pizza restaurant franchise in Arizona.

13. At all relevant times, Defendant DKAZ Holdings, LLC was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

14. Defendants Dennis N. Kindred and Jane Doe Kindred are, upon information and belief, husband and wife. Jane Doe Kindred is the fictitious name for Dennis N. Kindred's wife, and this Complaint will be amended once her real name is ascertained. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Dennis N. Kindred is a Member of Defendant DKAZ Holdings, LLC.

15. Under the FLSA, Defendant Dennis N. Kindred is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. In his role as a Member of DKAZ, Dennis N. Kindred was, upon information and belief, at all times the person responsible for determining the method and rate of Plaintiff's payment of wages. As a person who acted in the interest of DKAZ in relation to the company's employees, including Plaintiff, Dennis N. Kindred is subject to individual liability as an employer under the FLSA.

16. At all relevant times, Defendants have been engaged in interstate commerce and, upon information and belief, have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## IV. FACTUAL BACKGROUND

17. DKAZ owns and operates a franchise of Rosati's Pizza in Avondale, Arizona. DKAZ's franchise is a restaurant and sports pub that offers dine-in, delivery, carryout and catering service to its customers.

18. In or around July, 2017, Plaintiff began employment with DKAZ as a Cook, performing as his primary duty the manual labor work associated with food preparation, cooking and cleaning in the kitchen of DKAZ's restaurant.

19. As a Cook, Plaintiff was paid an hourly wage of $10.00 per hour. There was no predetermined amount of wages that would be received by Plaintiff.

20. Plaintiff's title was changed to Kitchen Manager in or around November, 2017, but his primary duty continued to be the manual labor work associated with food preparation, cooking and cleaning in the kitchen of DKAZ's restaurant.

21. As a Kitchen Manager, Plaintiff was paid an hourly wage of $12.00 per hour. There was no predetermined amount of wages that would be received by Plaintiff.

22. Despite Plaintiff's title as Kitchen Manager, Plaintiff did not customarily and regularly manage two or more full time employees during his employment, nor did he have the ability to exercise discretion or independent judgment in how he performed his duties.

23. Plaintiff's tasks were dictated to him by the DKAZ management. The policies he was required to follow in performing his duties were formulated by the management who supervised him.

24. Plaintiff routinely worked approximately forty-six (46) hours during the typical week. When Defendant's restaurant first opened in approximately July, 2017, Plaintiff worked approximately sixty (60) hours per week.

25. Despite routinely working in excess of forty (40) hours per week, Plaintiff was not paid the premium one and one-half times his regular rate as required under the FLSA for the hours worked over forty (40) in a workweek.

26. DKAZ unlawfully paid Plaintiff straight time instead of overtime for hours worked over forty in a workweek.

27. For example, for the two week pay period from November 4, 2017 to November 17, 2017, Plaintiff's earnings statement shows that he worked 85.27 hours and was paid $12.00 per hour for all 85.27 hours worked for a total gross pay of $1,023.24. He was not paid the legally required one and a half times his regular rate of pay for hours worked over forty.

28. Similarly, for the two week pay period from April 21, 2018 to May 4, 2018, Plaintiff's earnings statement shows that he worked 88.00 hours and was paid $12.00 per hour for all 88.00 hours worked for a total gross pay of $1,056.00. He was not paid the legally required one and a half times his regular rate of pay for hours worked over forty.

29. Defendants knew that Plaintiff regularly worked more than forty (40) hours in a workweek, yet Defendants failed to pay him the proper overtime rate throughout his employment during which he was always paid as an hourly employee.

30. As a result of these actions, DKAZ wrongfully and willfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

## V.   COUNT ONE

**(Failure to Pay Proper Overtime Wages - FLSA - 29 U.S.C. § 207)**

31. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

32. Plaintiff was a non-exempt employee entitled to the statutorily mandated overtime wage.

33. DKAZ was an employer pursuant to 29 U.S.C. § 203(d).

34. DKAZ failed to comply with 29 U.S.C. § 207 by failing to pay Plaintiff the statutorily required overtime wage of one and one-half times Plaintiff's regular rate for hours worked by Plaintiff in excess of forty (40) in a workweek as required by the FLSA.

35. Defendants' failure to pay overtime to Plaintiff was willful. Defendants knew Plaintiff was working overtime but failed to pay proper overtime wages. Defendants had no reason to believe its failure to pay overtime was not a violation of the FLSA.

36. Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees and costs.

## VI.   COUNT TWO

**(Failure to Timely Pay Wages Due - Arizona Wage Statute)**

37. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

38. At all relevant times, Plaintiff was employed by DKAZ within the meaning of the Arizona Wage Statute.

39. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

40. Defendants were aware that, under A.R.S. §§ 23-351-353, they were obligated to pay all wages due to Plaintiff.

41. Defendants failed to compensate Plaintiff for wages he was due.

42. Defendants failed to timely pay Plaintiff his overtime wages due, without a good faith basis for withholding the wages.

43. Defendants have willfully failed and refused to timely pay overtime wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## VII.   REQUESTED RELIEF

WHEREFORE, the Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

    i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

    iii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award restitution;

F. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01;

G. For the Court to award pre- and post-judgment interest;

H. For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and,

I. For such other relief as the Court deems just and proper.

## VIII.   DEMAND FOR JURY TRIAL

44. Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED: July 27, 2018

                              BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

|   |   |
|---|---|
| 1 | /s/ Ty D. Frankel |
| | Ty D. Frankel |
| 2 | 2325 E. Camelback Road, Suite 300 |
| | Phoenix, Arizona 85016 |
| 3 | Telephone:  602-274-1100 |
| | Facsimile:   602-798-5860 |

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Patricia N. Syverson
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 756-7748

Attorneys for Plaintiff